## BLANKOFF et al. v. LEHRMAN.

(Supreme Court, Appellate Term, First Department.　March 13, 1916.)

1. EVIDENCE ⊜417(6)—PAROL EVIDENCE AFFECTING WRITING—AMBIGUITY.

In suit on an agreement for the purchase and sale of a bakery providing that the landlord agree to something, the nature of which was not explained therein, parol evidence was admissible as to what was intended by the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1878, 1887; Dec. Dig. ⊜417(6).]

2. SALES ⊜391(1)—CONTRACTS—ACTION FOR BREACH—PREMATURE CHARACTER.

Where parties contracted to buy a bakery if the seller's landlord extended the lease for three years, the agreement providing that the bill of sale should be given October 22, 1915, but the seller, before that date, failed to induce the landlord to agree to a three-year extension, informing the plaintiffs thereof and refusing to take them to the landlord as agreed, such parties could sue to recover their deposit of $100 on account, since an action for breach of contract lies at once upon a positive refusal to perform, although the time specified for performance has not arrived.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110, 1115, 1117, 1118, 1121; Dec. Dig. ⊜391(1).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Isaac Blankoff and another against Sam Lehrman. From a judgment for defendant upon dismissal of the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Isidor Block, of New York City, for appellants.

Isidor H. Taylor, of New York City (Emanuel Goodman, of New York City, on the brief), for respondent.

PER CURIAM. [1] The agreement in suit, though crudely worded, is still susceptible of disclosing the intent of the parties named therein. It is plainly apparent that the paper writing was to cover the purchase and sale of defendant's bakery for $1,500, provided the landlord agreed to something the nature of which is unexplained therein. The learned court rightly admitted parol evidence as to what was intended in that connection, and it shows that the purchase was conditional upon the landlord agreeing to extend for three years the lease under which defendant occupied the property. The proof shows that defendant was to take plaintiffs to the landlord for that purpose; that on the Monday following the making of the agreement, defendant took plaintiffs to the agent of the property, who told them that he could not give the extension sought, but that it would have to be obtained directly from the landlord; that it was agreed to go to the landlord the following day, and when the parties hereto met for that purpose defendant showed plaintiffs a letter from the landlord that an extension of the lease for one year was all that would be given, and there-

upon they saw the agent and he informed them to the same effect. Plaintiff Blankoff testified that he thereupon asked the defendant to go with him to the landlord, and he refused so to do; that plaintiffs did not know who the landlord was, and that defendant did not apprise them thereof. The agreement further provides, "The bill of sale shall be taken place on Friday, October 22, 1915," and also acknowledged the receipt of $100 on account. It is to recover this deposit, duly demanded, that action was instituted on October 21, 1915.

[2] At the end of the trial, the learned court dismissed the complaint upon the ground that the action was prematurely brought; in other words, that defendant had until October 22, 1915, the date of closing, to obtain the landlord's consent to the three years' extension. That would be so, were it not for what had taken place between the parties prior thereto. When defendant said that he had a letter from the landlord in which he refused to give the extension desired, and that there was no use in going in person to the landlord, and refused to go for the purpose named, plaintiffs were justified in demanding a return of the deposit, and not obligated to wait until October 22d had passed before instituting their action to recover on defendant's refusal to pay. The law is so well settled as not to require citation that an action for breach of contract will lie at once upon a positive refusal to perform, although the time specified for performance has not arrived.

The judgment in our opinion should be reversed, and a new trial granted, with $15 costs to appellant to abide event.